UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LOPEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>K. ALLISON,<br><br>          Defendant. | Case No. 21-cv-04976-JSW<br><br>**ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

# INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against prison officials for violating his constitutional rights at San Quentin State Prison. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is ordered served on Defendants.

# ANALYSIS

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that Defendants were involved in the decision to transfer over 100 inmates, some of whom were infected with COVID-19, from the California Institute for Men to San Quentin in May 2020. He alleges that Defendants failed to take adequate safety precautions before, during, and after transfer, including failing to test the transferring prisoners or screen them for symptoms at the appropriate time, failing to implement distancing measures on the transfer busses, and failing to test and isolate the transferred prisoners upon arrival. Plaintiff alleges that he "[u]ltimately . . . incurred numerous COVID-19 symptoms e.g., memory loss, high blood pressure, dizziness, body aches, weakness, headaches, nausea, no smell or taste, diarrhea and vomiting," and that he "continues to experience adverse effects from the COVID-19 virus, due to numerous other etiological ailments." Dkt. No. 1 at 14. Plaintiff does not identify the date he was diagnosed with COVID-19, and attaches to the complaint the positive test results of another prisoner, *id.* at 90, but states that he "[r]equested his medical file months ago to no avail." *Id*. at 89.

When liberally construed, Plaintiff's allegations state a cognizable claim for deliberate indifference to his safety, in violation of the Eighth Amendment.

## CONCLUSION

For the reasons set out above,

1. The clerk shall serve electronically the Complaint, this Order, a summons, and a waiver of the service of summons upon Defendant Federal Receiver J. Clark Kelso and his attorney Roscoe Barrow, in Elk Grove, California, at the email address HCLitigationSupport@cdcr.ca.gov.

2. Defendants Warden Ron Broomfield, Chief Medical Officer A. Pachynski, and San Quentin Healthcare Chief Executive Director Clarence Cryer shall be served at San Quentin State Prison in San Quentin, California. Defendants Kathleen Allison, Ralph Diaz, Ron Davis, Steven Tharratt, and Joseph Bick shall be served at the California Department of Corrections and Rehabilitation in Sacramento, California. Defendants Warden Dean Borders and Chief Medical Officer L. Escobell shall be served at California Institution for Men in Chino, California.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has

not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

    a.  No later than **91 days** from the date this order is filed, the remaining defendants, including those who have been ordered served above, shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

    b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    e.  Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

6. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. The motion for appointment of counsel is DENIED.  There is no right to counsel in a civil case, and Plaintiff is able to adequately litigate his claims on his own.

**IT IS SO ORDERED.**

Dated: October 14, 2021

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

IT IS SO ORDERED.

Dated:

JEFFREY S. WHITE
United States District Judge